UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:24-CR-238-KDB |
| | ) | |
| V. | ) | |
| | ) | Response to Defendant's Motion to |
| | ) | Revoke Detention Order |
| <u>WALTER ADONAI RIVERA CHINCHILLA</u>, | ) | |
| | ) | |

NOW COMES the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina, and requests this Honorable Court affirm the magistrates order of detention in this matter because there are no conditions or combination of conditions will reasonably assure the appearance of the defendant in court and no conditions or combination of conditions will reasonably assure the safety of the community from the danger the Chinchilla poses.

## BACKGROUND

On July 3, 2024, the defendant, Walter Adonai Rivera Chinchilla purchased a total of four firearms from two different Federal Firearms Licensees (FFLs). Twenty-nine days later, on August 1, 2024, HSI intercepted six firearms and high-capcity magazines hidden in a shipment headed for Honduras. The six firearms had all been purchased by Chinchilla including the four guns the defendant bought on July 3, 2024

The ATF and HSI used a foreign national acting as a confidential informant (CI) to make contact with Chinchilla. Aware of foreign national's status, Chinchilla purchased a firearm for the CI while under surveillance by law enforcement. The CI then introduced an undercover agent (UC) to Chinchilla. The UC represented to Chinchilla that he was a Mexican national and needed someone to supply UC with firearms. Chinchilla bought firearms for the UC on two different occasions. Chinchilla also explained that he could have the firearms smuggled to Honduras and Mexico for a fee. According to Chinchilla, he successfully smuggled approximately forty firearms to Honduras.

On October 29, 2024, Chinchilla was to introduce the UC to his smuggler. However, the third-party did not show up for the introduction, and Chinchilla was arrested. Agent McGourty of the ATF was able to determine that Chinchilla purchased over one hundred firearms in the past year. Of those hundred plus firearms, less than twenty have been located.

Chinchilla was originally charged by complaint with a single count of engaging in the business of firearms without a license. Chinchilla was arrested and had his initial appearance on October 31, 2024 at which time the Government moved for detention. On November 5, 2024 Chinchilla appeared before United States Magistrate Judge David C. Keesler. Chinchilla waived his probable cause hearing and a hearing on the Government's motion for detention followed. Agent McGourty offered testimony about the investigation.

After the detention hearing before the magistrate judge, On November 19, 2024, a grand jury for the Western District of North Carolina issued a four-count indictment against Chinchilla charging him with violations of 18 U.S.C. §933(a)(1) *Trafficking in Firearms*, 18 U.S.C. §933(a)(6) *Making False Statements During the Purchase of a Firearm* and 18 U.S.C. §933(a)(1) *Dealing in Firearms without a License*.

### **THE FACTORS ENUMERATED IN 18 U.S.C. § 3142 FAVOR DETENTION**

18 U.S.C.§ 3142(g) directs the Court to consider 1) the nature and circumstances of the offense charged, 2) the weight of the evidence against Chinchilla, 3) the history and characteristics of Chinchilla 4) the nature and seriousness of the danger to the community posed by Chinchilla's release.

Chinchilla was arming individuals that may not be lawfully armed both within this country and without. While Chinchilla is not accused of committing any act of violence, the nature of his offense is one that enables violence. Given the vast number of weapons the defendant has secured over the past year, and the relative few firearms that have been recovered, an unaccounted-for arsenal awaits Chinchilla if released. Further, by his own admissions, Chinchilla was successfully thwarting the efforts of those charged with protecting our borders.

The weight of the evidence against Chinchilla is overwhelming. Multiple firearms purchased by Chinchilla were recovered in a shipment headed to Honduras within a month of the purchase. Chinchilla is recorded discussing straw purchases and international smuggling of

weapons in addition to actually selling firearms to an undercover agent Chinchilla believed to be a foreign national who intended to ship weapons out of the country.

Chinchilla's history and characteristics also speak to the need for detention. According to the criminal history gathered by probation, Chinchilla has a well-established history of skipping court. Chinchilla argues that the United States Office of Probation does not consider traffic appearances. However, the available information shows simply that Chinchilla does not appear for required court dates. Chinchilla's ties to this community have not ensured his attendance in prior court matters, and this Court cannot expect community ties will make a difference here. Chinchilla also has foreign ties. Chinchilla discounts his foreign connections and likens himself to the defendant in *Truong Dinh Hung v. United States*, 439 U.S. 1326 (1978). However, the defendant in *Hung* merely had the means to flee, but the Court there noted there was no showing he was inclined to flee. Chinchilla on the other hand, has a history of failing to appear in court, foreign connections, and a professed ability to evade border controls for items leaving the country. As indicted, Chinchilla faces a potential incarceration of forty years providing the defendant with a significant incentive to flee.

## **CONCLUSION**

The nature of the Chinchilla's crime, the weight of the evidence against him and his history of failures to appear in court coupled with his ties to international smuggling all support a finding that there are no conditions or combination of conditions will reasonably assure the appearance of the defendant in court and there no conditions or combination of conditions will reasonably assure the safety of the community from the danger the Chinchilla poses

DENA J. KING
UNITED STATES ATTORNEY

*/s/ Timothy Sielaff*
ASSISTANT UNITED STATES ATTORNEY
North Carolina State Bar No. 33648
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 227-0184
Email: timothy.sielaff@usdoj.gov

## **CERTIFICATION**

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 3rd day of December, 2024.

*s/ Timothy Sielaff*

Assistant United States Attorney