IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:24-CR-00238-KDB-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WALTER ADONAI RIVERA CHINCHILLA,<br><br>    Defendant. | ORDER |

**THIS MATTER** is before the Court on Defendant's Motion to Revoke Magistrate Judge Order of Detention (Doc. No. 10). The Court has carefully considered this motion, the Pretrial Report, and the parties' briefs. For the reasons discussed below, the Court will **DENY** the Defendant's motion and **AFFIRM** the Order of Detention.

### I.    LEGAL STANDARD

Under 18 U.S.C. § 3145(b), a person ordered detained by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The district court reviews the detention order *de novo* and must make an independent determination whether the defendant will be detained pending trial. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam). The factors a reviewing court are to consider in making this determination include: (1) the nature and circumstances of the offense charged; (2) the weight of evidence against the defendant; (3) the defendant's history and characteristics, including family ties, character, community ties, and criminal history; and (4) the

1

nature and seriousness of the danger to any person or the community posed by the defendant's release. *Id.*; *see also* 18 U.S.C. § 3142.

## II. BACKGROUND

The Defendant is charged with: (1) Trafficking in Firearms in violation of 18 U.S.C. § 933(a)(1); (2) False Statement During Purchase of a Firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2); and (3) Dealing in Firearms Without a License in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D). *See* Doc. No. 13. Before the Defendant's detention hearing, the United States Probation Office issued a Pretrial Report. (Doc. No. 8). The Pretrial Report recommended that the Defendant be released on $25,000 unsecured bond with pretrial services supervision under the standard conditions. *Id.* The Pretrial Report also listed the Defendant's criminal record, which consists of numerous misdemeanor traffic offenses. *Id.*

At his detention hearing, the Magistrate Judge ordered the Defendant be detained and followed with a written Detention Order citing these reasons for detention: (1) the weight of evidence against the Defendant is strong; (2) the Defendant has significant family or other ties outside of the United States; and (3) the Defendant has numerous prior failures to appear in court as ordered. *See* Doc. No. 10. The Defendant has now timely sought view of the Magistrate Judge's ruling.

## III. DISCUSSION

The Magistrate Judge, when ordering detention, noted that "this is a close bond decision," and suggested that the Court might "reconsider this ruling" if Defendant could provide "greater corroboration of employment, more detail about the proposed residence [with his sister in] Rock Hill, and perhaps a third-party custodian." Doc. No. 10 at 3. Defendant, instead of providing this information as a basis for release, has instead asserted that there is not clear and convincing

2

evidence that Defendant will not appear as required or that he is a danger to the community or another person. Doc. No. 15 at 4, 6.

The Court will thus review the four factors set forth in *Stewart.* The first two factors, the nature and circumstances of the present offense and the weight of the evidence, both support ongoing detention. Defendant is charged with "arming individuals that may not be lawfully armed" inside and outside of the United States. Doc. No 17 at 2. Further, the government forecasts that Defendant has made upwards of 60 to 100 illegal purchases of firearms and has told undercover officers that he has contacts to smuggle firearms into Mexico and Honduras. Doc. No. 10 at 3. The government's evidence in support is strong and includes recovery of a shipment of firearms purchased by Defendant that were en route to Honduras; recordings of Defendant discussing straw purchases and international smuggling of weapons; and selling firearms to an undercover agent Defendant believed was a foreign national who planned to ship weapons out of the country. Doc. No. 17 at 2.

The third element, Defendant's history and characteristics, also support detention. Defendant has lived in North or South Carolina for a substantial period of time, and has a sister who lives in Rock Hill, South Carolina. Doc. No. 15 at 3. However, he has recently reconnected with his father, who lives in Maryland, but may be in the process of moving back to his native Honduras, Doc. Nos. 5 at 5; 10 at 3, which is one of the locations where Defendant has, by his own admission, successfully smuggled firearms. *Id.* at 2-3. He told an undercover agent that he has contacts in Mexico and Honduras that could help him smuggle weapons and that he has knowledge of how to evade border control. Indeed, he told the undercover agent that he has successfully evaded them on more than one occasion. *Id.* In addition, while Defendant does not have past convictions, he has a history of repeatedly failing to appear ("FTA") for his numerous

traffic violations, despite his ties to the community.[1] Moreover he has foreign contacts and a strong incentive to flee, given that he faces up to forty years in prison if convicted on all charges. *Id.*

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also supports detention. Illegally trafficking firearms, smuggling them out of the country, and putting firearms into the hands of individuals not legally allowed to own them in the United States are serious allegations. Most of the firearms allegedly trafficked by Defendant have not been recovered, Doc No. 17 at 3, and of course, these unaccounted-for firearms may be accessible to Defendant if detention were revoked. Moreover, he has a history of arming others, who may in turn use their illegal firearms to harm members of the community.

In sum, the Court finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required. Further, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Revoke Order of Detention is **DENIED** and the Magistrate Judge's Order of Detention is **AFFIRMED.** Defendant shall remain in custody pending adjudication.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 6, 2024

Kenneth D. Bell
United States District Judge

---

[1] Defendant has approximately six FTAs with a seventh pending. *See* Doc. 8 at 4-7.